IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTIAN OWENS, | No. 4:22-CV-01685 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| DONATTO, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

FEBRUARY 23, 2023

Plaintiff Christian Owens filed the instant *pro se* Section 1983[1] action while incarcerated at the Franklin County Jail in Chambersburg, Pennsylvania. He has since been released from custody. Because it is clear from the face of Owens' complaint that he cannot state a claim for relief, the Court will dismiss his case but provide him the opportunity to amend.

I.  **STANDARDS OF REVIEW**

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted[.]"[2] This language closely tracks

---

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

[2] 28 U.S.C. § 1915(e)(2)(B)(ii).

Federal Rule of Civil Procedure 12(b)(6).  Accordingly, courts apply the same standard of review to Section 1915(e)(2)(B)(ii) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[3]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[4]  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[5]  In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[6]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[7]  At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[8]  Second, the court should distinguish well-

---

[3] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

[4] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).

[5] *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

[6] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

[7] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).

[8] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).

pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[9]  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[10]  Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[11]

Because Owens proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[12]

## II.   DISCUSSION

Owens' complaint raises a litany of unrelated and undeveloped claims against 15 corrections officers at Franklin County Jail.  He contends that (1) all the officers "willingly and knowingly served [him] feces, urine, spit, [and] unsanitary food"; (2) defendant Donatto "used excessive force" and taunted him on April 4, 2022, and also made "unwelcoming comments" toward him on another occasion; (3) defendant Koons "used excessive force by yanking [him] in handcuffs" on April 16, 2022, took food off his tray on April 1, and spit in his food tray on another date; (4) defendant Kump "used excessive force" and "lied about an

---

[9]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[10] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[11] *Iqbal*, 556 U.S. at 681.
[12] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

incident" so that Owens was "maced" on July 16, 2022; (5) defendant Sutherland spit in his coffee on April 6, 2022, and tampered with his meal tray or coffee several other times; (6) defendant Warick "denied [Owens] mental" on March 21, 2022; (7) defendants Donatto, Koons, Warick, Estrada, and Knous "tampered with [his] commissary items [and] cosmetics" while searching his cell during a period when Owens was housed in the mental health unit; (8) defendant Estrada "allowed inmates" to steal Owens' things and "mess with [his] food" and retaliated against him for filing grievances against him; and (9) defendant Nocton "served [him] bad meal trays" and drinks during his time on E block and also called Owens an "asshole."[13]

Owens' complaint is deficient for multiple reasons. The Court will address these deficiencies in turn.

### A.   Eighth Amendment Claims

Owens' various claims regarding food tampering appear to be grounded in the Eighth Amendment's prohibition of cruel and unusual punishment, sounding in a conditions-of-confinement claim. His allegations, however, fail to rise to the level of a constitutional violation.

---

[13]   Doc. 1 at 2, 5, 6.

"[T]he Constitution does not mandate comfortable prisons, and prisons . . . which house persons convicted of serious crimes[] cannot be free of discomfort."[14] Nevertheless, the state cannot subject an inmate to cruel and unusual punishment or "inhumane treatment," such as deprivation of "identifiable human need[s]" like "food, warmth, or exercise."[15] To prevail on an Eighth Amendment conditions-of-confinement claim, a plaintiff must show both objective and subjective elements.[16] Objectively, the prisoner must demonstrate that "the prison official deprived the prisoner of the minimal civilized measure of life's necessities," often referred to as a "sufficiently serious" deprivation.[17] Subjectively, the prisoner must show that "the prison official acted with deliberate indifference" to the prisoner's "health or safety."[18] Deliberate indifference means that the defendant "acted or failed to act despite having knowledge that her actions or inaction, as the case may be, would subject the inmate to a substantial risk of serious harm."[19]

Owens' claims of food tampering fail to state a sufficiently serious deprivation to implicate the Eighth Amendment's protections. He does not complain that he was deprived of food for an extended time, or that he ate the

---

[14] *Thomas v. Tice*, 948 F.3d 133, 139 (3d Cir. 2020) (second alteration in original) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)).
[15] *See Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 226 (3d Cir. 2015) (quoting *Wilson v. Seiter*, 501 U.S. 294, 304 (1991)).
[16] *See id.*
[17] *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 843 (1994); *Wilson*, 501 U.S. at 297).
[18] *Id.* (citing *Farmer*, 511 U.S. at 834).
[19] *Id.* at 227 (citing *Farmer*, 511 U.S. at 842).

5

contaminated food and suffered an injury.[20] Multiple district courts in this circuit have rejected similar food-tampering allegations as insufficient to state an Eighth Amendment claim.[21] Thus, while Owens' allegations of these corrections officers' behavior regarding serving contaminated food or drinks are certainly repugnant, they do not implicate constitutional violations.

### B. Threats and Offensive Language

In several of portions of his complaint, Owens claims that corrections officers used foul language, were impolite, or threatened him. These claims, too, fail to rise to the level of a constitutional violation. In general, verbal harassment, taunting, and profanity, without any injury or a threat thereof, are insufficient to implicate a constitutional infringement under either the Eighth or Fourteenth Amendment.[22] While the Court in no way condones the alleged unprofessional

---

[20] *See Rieco v. Moran*, 633 F. App'x 76, 78 (3d Cir. 2015) (nonprecedential) (finding claim deficient where inmate-plaintiff failed to allege that he ate contaminated food causing an injury) (citing *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983) ("prison officials may violate the Eighth Amendment by serving unsanitary, spoiled or contaminated food if the prisoner also alleges that he or she suffered a distinct and palpable injury")).

[21] *See, e.g., Vargas-Marrero v. Pa. Dep't of Corr.*, No. 22-cv-2342, 2022 WL 3155409, at *4 (E.D. Pa. Aug. 8, 2022); *Rieco v. Moran*, No. 14-cv-0588, 2015 WL 1898140, at *4 (W.D. Pa. Apr. 24, 2015) (adopting report and recommendation); *Rodriguez v. Wetzel*, No. 2:14-cv-0324, 2015 WL 1033842, at *12 (W.D. Pa. Mar. 9, 2015) (adopting report and recommendation); *Miller v. Fraley*, No. 12-cv-4470 (MAS), 2015 WL 511296, at *8 (D.N.J. Feb. 6, 2015).

[22] *See Prisoners' Legal Ass'n v. Roberson*, 822 F. Supp. 185, 189 (D.N.J. 1993) (explaining that "verbal harassment does not give rise to a constitutional violation enforceable under § 1983"); *see also Murray v. Woodburn*, 809 F. Supp. 383, 384 (E.D. Pa. 1993) (collecting cases); *Manning v. Flock*, No. 1:11-CV-0293, 2012 WL 1078227, at *12 (M.D. Pa. Mar. 30, 2012) (collecting cases); *Graham v. Main*, Civil Action No. 10-5027(SRC), 2011 WL 2412998, at *24-25 (D.N.J. June 9, 2011) ("Allegations of verbal abuse or threats, unaccompanied by injury or damage, are not cognizable under § 1983, regardless of whether the inmate is

conduct of these corrections officers, such verbal harassment, profanity, and taunting does not implicate a constitutional violation for Section 1983 purposes.

### C.     Excessive Force and Retaliation

Owens asserts claims of excessive force against Donatto, Koons, and Kump, and retaliation against Estrada.  His pleading, however, is deficient because he simply states legal conclusions without sufficient supporting factual allegations.[23]  These unadorned legal conclusions—*i.e.*, that an officer "used excessive force" or "retaliated"—must be disregarded.[24]  Consequently, Owens fails to state a claim for excessive force or retaliation against any Defendant.  Because it is possible that Owens could cure these deficiencies, leave to amend will be granted.

### D.     Leave to Amend

Generally, "*in forma pauperis* plaintiffs who file complaints subject to dismissal under [28 U.S.C. § 1915(e)(2)] should receive leave to amend unless amendment would be inequitable or futile."[25]  The Court will grant Owens limited leave to amend.  Owens may file an amended complaint setting out his claims of

---

a pretrial detainee or sentenced prisoner."); *Mohamed v. Aviles*, Civil No. 06-4794 (FSH), 2007 WL 923506, at *5 (D.N.J. Mar. 26, 2007) (collecting cases).

[23] In his claims against Koons and Kump, Owens provides a marginal amount of detail.  For example, he alleges that Koons "yank[ed]" him in handcuffs. Doc. 1 at 5.  He also asserts that Kump "maced" him and lied about the reason.  *Id.* at 6.  Without more facts, however, the Court cannot conclude that the force applied by Koons or Kump "was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Ricks v. Shover*, 891 F.3d 468, 480 (3d Cir. 2018) (quoting *Smith v. Mensinger*, 293 F.3d 641, 649 (3d Cir. 2002)).

[24] *See Connelly*, 809 F.3d at 787 (quoting *Iqbal*, 556 U.S. at 679).

[25] *Grayson*, 293 F.3d at 114.

excessive force and retaliation in accordance with this Memorandum. His various claims of food tampering, verbal harassment, and other minor grievances will be dismissed with prejudice, as they do not state constitutional violations.

### III. CONCLUSION

Based on the foregoing, the Court will dismiss Owens' complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Limited leave to amend will be granted. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge